IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| John Goodwin, | ) | C/A No.: 5:14-1671-JFA-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER ON |
| | ) | SUGGESTION OF DEATH |
| South Carolina State University; Small Business Development Centers; Michelle Abraham; Barbara Adams; and Dolline Tucker, | ) ) ) ) ) | OF PLAINTIFF |
| Defendants. | ) ) | |

This employment case comes before the court on the Suggestion of Death of Plaintiff, as indicated by Plaintiff's counsel. [ECF No. 19].[1] This case has been referred to the undersigned pursuant to 28 U.S.C. § 636(b) (1)(A) and (B) and Local Civ. Rule 73.02(B)(2)(g) (D.S.C.).

Pursuant to Fed. R. Civ. P. 25(a)(1), "if a party dies and the claim is not extinguished, the court may order substitution of the proper party." The rule states that "a motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." *Id.* "In order to commence the running of the ninety-day period, the suggesting party must personally serve the suggestion of death on the decedent's personal representative, if appointed, or

---

[1] Although ECF No. 19 is titled a motion to dismiss, it notes that Plaintiff is deceased.

on the successors or representatives of the decedent." *Brooks v. Arthur*, No. 6:08-cv-28, 2011 WL 1212254, *1 (W.D.Va. Mar. 30, 2011) (*citing Fariss v. Lynchburg Foundry*, 769 F.2d 958, 961–62 (4th Cir. 1985) ("Personal service of the suggestion of death alerts the nonparty to the consequences of death for a pending suit, signaling the need for action to preserve the claim if so desired.")). In *Fariss*, the Fourth Circuit found that service of the suggestion of death on the decedent's attorney alone was insufficient. *Fariss*, 769 F.2d at 962.

There is no indication on the record that the Suggestion of Death has been served on Plaintiff's personal representative or any successors or other representatives of Plaintiff.[2] Therefore, Plaintiff's counsel is instructed to serve a copy of its Suggestion of Death and this order, pursuant to Fed. R. Civ. P. 4, on any known personal representative of Plaintiff and to file proof of said service by November 24, 2014.

The court notes that before Fed. R. Civ. P. 25(a) can be employed to substitute a new party for a deceased party, the substantive law controlling the suit must allow for survival of the cause of action. Where the cause of action does not survive the death of a party, there can be no substitution for that party under the rule. *See, e.e., Asklar v.*

---

[2] The successors or representatives of the decedent are "those empowered to assert any legal claims of the decedent not extinguished by death, or to defend the estate against others' claims." *Fariss* at 962*; see also Atkins v. City of Chicago,* 547 F.3d 869, 873 (7th Cir. 2008) ("[A]n obviously interested non-party ... must be served for the 90-day clock to start running."); *Torres v. Bayer Corp. (In re Baycol Prods. Litig.),* 616 F.3d 778, 784–85 (8th Cir.2010) ("[U]nder certain circumstances, a person may be a 'successor' under Rule 25(a)(1) if she is (1) the primary beneficiary of an already distributed estate; (2) named in a will as the executor of the decedent's estate, even if the will is not probated; or (3) the primary beneficiary of an unprobated intestate estate which need not be probated.").

*Honeywell, Inc.*, 95 F.R.D. 419, 422 (D. Conn. 1982) (holding substantive law, not Rule 25(a), determines whether case may proceed after death of party).

    IT IS SO ORDERED.

*/s/ Shiva V. Hodges*

November 10, 2014  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

3