IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| John Goodwin, ) | C/A No.: 5:14-1671-MGL-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | REPORT AND RECOMMENDATION |
| South Carolina State University; Small ) | |
| Business Development Centers; ) | |
| Michelle Abraham; Barbara Adams; and ) | |
| Dolline Tucker, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This employment case comes before the court on the Suggestion of Death of John Goodwin ("Plaintiff"). This case has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civ. Rule 73.02(B)(2)(g) (D.S.C.).

On November 7, 2014, Plaintiff's counsel, Aaron Vernon Wallace, Esq., filed a Notice of Suggestion of Death ("Notice"), indicating that Plaintiff was deceased. [ECF No. 19].[1] On November 10, 2014, the undersigned directed Mr. Wallace to serve Plaintiff's personal representative or any successors or other representatives of Plaintiff with the Notice. [ECF No. 20]. On November 24, 2014, Mr. Wallace submitted a reply, indicating that he hired a process server to serve Plaintiff's son, Michael Goodwin, ("Mr. Goodwin"), at his last known address in Arizona. [ECF No. 24]. Mr. Wallace states that the process server was unable to serve the Notice on Mr. Goodwin because he had moved

---

[1] Although ECF No. 19 is titled a motion to dismiss, it notes that Plaintiff is deceased.

from the lastknown address. However, Mr. Wallace noted that he contacted Mr. Goodwin by telephone and email. *Id*.; ECF No 24-3. Mr. Goodwin replied by email and attached a letter indicating that he "authorize[d] dismissal of the case involving my late father John Goodwin." [ECF No. 24-4 at 3].[2]

Pursuant to Fed. R. Civ. P. 25(a)(1), "if a party dies and the claim is not extinguished, the court may order substitution of the proper party." The rule states that "a motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." *Id.*

No party having filed a motion for substitution within 90 days of the actual notice , the undersigned hereby recommends this case be dismissed without prejudice pursuant to Fed. R. Civ. P. 25(a)(1).

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

February 19, 2015                              Shiva V. Hodges
Columbia, South Carolina                 United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[2] The undersigned finds that Mr. Goodwin received actual notice of the Notice.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).